10-1227-ag
Liu v. Holder

BIA
A098 769 285

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15ᵗʰ day of June, two thousand eleven.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT D. SACK,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

ZHI YUN LIU,
>*Petitioner,*

>v.                                        10-1227-ag
>                                          NAC

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER: Gary J. Yerman, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Marion E. Guyton, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Zhi Yun Liu, a native and citizen of the People's Republic of China, seeks review of a March 15, 2010, order of the BIA denying his motion to reopen his removal proceedings. *In re Liu*, No. A098 769 285 (B.I.A. Mar. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen, but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7). Here, the BIA did not abuse its discretion by denying Liu's motion to reopen as untimely, as he filed it more than two years after his final order of removal. *See id.;* 8 C.F.R. § 1003.2(c)(2).

Although the time limits on motions to reopen may be excused when the movant demonstrates changed country conditions, 8 U.S.C. § 1229a(c)(7)(C)(ii), the BIA

2

reasonably concluded that only Liu's personal circumstances had changed, as his claim was based on the fact that he converted to Christianity in 2009. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"); *see also Yuen Jin v. Mukasey*, 538 F.3d 143, 151-56 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (*e.g.*, by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application").

Moreover, substantial evidence supports the BIA's conclusion that Liu failed to show a material change in country conditions. Although the evidence Liu submitted indicated an increase in repression of Christians in certain areas around the time of the Olympics, the evidence also indicated that freedom to participate in religious activities continued to increase in many areas. Accordingly, the BIA reasonably determined that, although China has detained and harassed leaders of underground

3

churches, Liu failed to establish that conditions in China had materially changed to warrant reopening. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous"); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (reviewing the BIA's factual findings regarding changed country conditions under the substantial evidence standard).

Finally, given the BIA's explicit references to the documentation submitted with the motion to reopen, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence that Liu submitted. *See Wei Guang Wang*, 437 F.3d at 275 (holding that the BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as it "has given reasoned consideration to the petition, and made adequate findings"); *see also Xiao Ji Chen*, 471 F.3d at 337 n.17 (2d Cir. 2006)

4

(presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise").

Accordingly, the BIA did not abuse its discretion by denying Liu's motion. *See Ali*, 448 F.3d at 517.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5